**Carl F. BRUCE, Plaintiff,**

v.

**Gary A. ROSENBERG, Defendant.**

**No. 78–C–669.**

United States District Court,
E. D. Wisconsin.

Jan. 4, 1979.

Gibbs, Roper, Loots & Williams by H. Boone Porter, III, Milwaukee, Wis., for plaintiff.

Shefsky, Saitlin & Froelich by Sheldon I. Saitlin and Clifford E. Yuknis, Chicago, Ill., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendant's motion to dismiss, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. After the motion was filed, the plaintiff filed an amended complaint as a matter of right under Rule 15, Federal Rules of Civil Procedure. Both parties have treated the defendant's motion as directed to the amended complaint. Thus, I will treat the defendant's motion as a challenge to the sufficiency of the amended complaint.

The standard to be used by the district court on a motion to dismiss for failure to state a claim was set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Tested against this standard, I believe that the motion to dismiss should be denied.

The amended complaint alleges that the plaintiff, Carl Bruce, was a holder of 15,000 shares of Universal Development Corporation (UDC) common stock which he had purchased several years prior to February, 1978. On February 21, 1978, the plaintiff wrote a letter to the defendant Rosenberg, chairman of the corporation's board, complaining of the lack of direct communications and financial statements from the corporation to him over the past couple of years. Mr. Bruce also wrote in such letter that the corporation, its management or its employees could demonstrate their "enthusiasm" for the corporation by buying Mr. Bruce's stock at $1.50 per share.

On February 28, 1978, Mr. Rosenberg wrote to Mr. Bruce and accepted the proposal to buy Mr. Bruce's stock at $1.50 per share. With his letter, Mr. Bruce provided copies of UDC's certified financial statements for the fiscal years 1975–1976, both of which ended on December 31. He also sent instructions to Mr. Bruce for transferring the stock. On March 7, 1978, Mr. Bruce forwarded his certificate for 15,000 shares to the transfer agent for UDC stock. On March 13, 1978, the transfer agent forwarded Mr. Rosenberg's consideration for the stock to Mr. Bruce.

The amended complaint goes on to allege that in February, 1978, prior to Mr. Bruce's letter on February 21, Mr. Rosenberg knew that the 1977 UDC financial statement, to be published on March 21, 1978, would reveal an increase of over 100% in per share earnings for 1977 and an increase in share-

holder's equity of over 22% for 1977, and that UDC had sold 70,000 shares of its stock in February, 1978, at $6.00 per share, four times the consideration the plaintiff received for his shares.

It is alleged that the failure to disclose this information constituted (1) a willful failure to disclose material information to the plaintiff which was necessary in order to prevent other information supplied from being misleading; (2) a failure to disclose material information; and (3) a practice which was intended to and did operate as a fraud upon the plaintiff seller of securities in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder. For damages, the plaintiff seeks $67,500, the difference between the $6.00 per share price he believes he should have received and the $1.50 per share price he did receive.

■ The original complaint was challenged by the defendant because it allegedly failed to meet that portion of Rule 9(b), Federal Rules of Civil Procedure, which requires that the circumstances constituting an alleged fraud must be stated with particularity. The rule 9(b) argument is not pressed in its challenge to the amended complaint, and I am satisfied that the circumstances of the alleged fraud are pleaded with sufficient particularity.

■ The defendant's primary argument is that he did not have a duty to disclose the information concerning the earnings per share and shareholder's equity in UDC stock or the February, 1978, sale of the 70,000 shares at $6.00 per share to the plaintiff under the circumstances alleged in the complaint. He characterizes the instant transaction as one where "a shareholder of a closely-held corporation makes his demand that management of the company purchase his shares at a certain price and a membership of management so accommodates him." (Defendant's reply brief, at p. 9).

I disagree. The insider's duty of disclosure arises even when he does not initiate the securities transaction. The duty to disclose arises because insider trading "is unfair to investors who do not enjoy the benefits of access to inside information." *Freeman v. Decio,* 584 F.2d 186, 189 (7th Cir. 1978). The transaction does not become a fair one merely because the insider is the offeree.

The defendant also urges that if such an action is maintainable, there is "no escape for an officer or director who has been *directly approached* by a shareholder *insistent* upon selling his shares." (Defendant's reply brief, at p. 3) (emphasis in the original). I find such argument unimpressive; the law imposes special burdens upon an insider. As the court stated in *Securities and Exchange Commission v. Texas Gulf Sulphur,* 401 F.2d 833, 848 (2d Cir. 1968) (en banc), cert. denied sub nom. *Coates v. Securities and Exchange Commission,* 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969):

> "[A]nyone in possession of material inside information must either disclose it to the investing public, or, if he is disabled from disclosing it in order to protect a corporate confidence, or if he chooses not to do so, must abstain from trading in or recommending the securities concerned while such inside information remains undisclosed."

Furthermore, Rule 10b–5 provides that it is unlawful to omit a material fact from a statement when such fact is necessary under the circumstances to make the statement not misleading. Thus, arguably, the defendant may have violated Rule 10b–5 by failing to provide the more current financial information for the year 1977 and the large stock sale at $6.00 per share when he provided the plaintiff with copies of the 1975 and 1976 financial statements. In the absence of the more current information, the older financial statements may have been misleading. This may be the case notwithstanding the defendant's contention that the 1977 financial statements were not yet available for distribution to the plaintiff. The allegations of the amended complaint, which must be accepted as true on a motion to dismiss, assert that the defendant

knew of this information at the time of the transaction.

The defendant also argues that the plaintiff failed to request any information about the value of the stock and failed to take into account certain information about the stock's value which appeared in a footnote to the 1976 financial statement. These matters, however, cannot be considered on a motion to dismiss where the court's inquiry is limited to the well-pleaded allegations of the complaint. In my opinion, the defendant has not shown that the plaintiff will be unable to prove a set of facts in support of his claim that will entitle him to relief. For these reasons, the motion to dismiss will be denied.

Therefore, IT IS ORDERED that the defendant's motion to dismiss be and hereby is denied.